PER CURIAM:
Claimants seek $775.00 for expenses they incurred as the result of an accident on January 9, 1989. The Court, on its own motion, amended the style of the claim to include Connie Smith as a proper party claimant, claimant's daughter, Angela Sue Smith, was driving their 1979 Volkswagen Scirocco on Alternate Route 10, off Route 60, in Cabell County when the vehicle slid on ice. It left the roadway and struck two parked vehicles and a mobile home. The car was beyond repair. Claimants are seeking the balance of what they owe on the vehicle, which is $775.00.
Angela Smith testified that at the time of the accident, she was alone in the vehicle and was proceeding on Alternate Route 10, from her place of employment, to her home in Salt Rock. It was nearly 10:00 p.m. She estimated her speed to be between 35 and 40 mph. Ms. Smith stated that the posted speed limit in the area was 55 mph. The patch of ice was "...about 500 feet of just a sheet of ice." Angela had driven this route in previous months, but had not encountered ice. She mentioned that the road was already wet. The vehicle slid approximately 500 feet into the driveway of a mobile home about 50 feet from the highway. After striking a truck and another vehicle, it came to rest in the front yard of property owned by Rita Marion.
Ms. Marion testified that her property is lower than the road surface of Alternate Route 10.1 She did not witness the accident, but remembered that it wasn't raining at the time. It had, however, rained earlier that day. Ms. Marion explained that the ditches in front of her property were not properly maintained and would fill up with water and freeze. The accident occurred approximately 500 feet from her mobile home. She did not complain about the ice to the respondent prior to the accident, although she had been aware of it for some time.
Harlan Carl Dean, Jr., foreman at Barboursville Headquarters and previously a dispatcher with the respondent, testified that at approximately 10:00 p.m. that evening, respondent's employee contacted him with regard to this stretch of Alternate Route 10. The employee told Mr. Dean that there was a slick spot on the road. Mr. Dean first sent a crew cab, and then dispatched a salt truck (two men) to the area, but warning signals were not set up.
Phillip L. Manley, Equipment Operator III with the respondent, testified that on the evening of January 9, 1989, he had received a call from the dispatcher concerning the accident. Mr. Manley arrived several minutes after 10:00 p.m. as soon as he and the other men noticed that "it was slushing over," they called county headquarters and requested that a salt truck be sent out. Respondent's patrols were not in the area that evening on routine maintenance.
The respondent cannot be held responsible for failure to maintain a highway if it lacks notice of a defect. Here, there is no indication that the respondent was alerted to the ice *58 problem prior to the 10:00 p.m. call. After careful consideration, the Court finds that it is of the opinion to, and must, deny the claim.
Claim is disallowed.